Teresa MACIAS, Plaintiff,

v.

Joseph MCGRATH, et al., Defendants.

No. C 01–0806 PJH.

United States District Court, N.D. California.

June 10, 2004.

Jeff Price, Los Angeles, CA, for Plaintiff.

G. Michael German, San Diego, CA, for Defendant.

## ORDER RE SANCTIONS AND RE- FERRAL FOR ATTORNEY DISCIPLINE

HAMILTON, District Judge.

Defendants' motion for sanctions came on for hearing on May 19, 2004 before this court. Defendants ("the state") appeared through their counsel, Michael German, and plaintiff appeared through her counsel, Jeff Price. Having read the papers and carefully considered the relevant legal authority and oral argument, the court hereby rules as follows and for the reasons stated at the hearing.

The motion for sanctions based on plaintiff's counsel having unreasonably and vexatiously multiplied the proceedings is DENIED, for the reasons stated at the hearing. Specifically, the state has not shown that Price took any of the identified actions in bad faith, which is required for sanctions both pursuant to the court's inherent power and 28 United States Code § 1927. *See, e.g., B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1107 (9th Cir.2001); *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir.2001) (bad faith showing required for both § 1927 and inherent powers sanctions).

However, as discussed at the hearing, the court is deeply concerned about Mr. Price's unauthorized practice of law before this and other federal district courts in California. This issue was brought to the court's attention by a footnote in defendants' memorandum of points and authorities in support of their motion for sanctions. Mr. Price filed this lawsuit on February 23, 2001, but did not apply for admission to practice in the Northern District until January 3, 2002 and was not admitted to the bar of this court until November 4, 2003. Civil Local Rule ("Civ.L. R.") 11–1(a) provides that "only members of the bar of this Court may practice in this Court."[1]

---

1. The stated exceptions to this rule do not apply as Mr. Price is not 1) an attorney for the United States government, Civ. L.R. 11–2; 2) an out-of-state resident eligible to apply for

Mr. Price submitted a declaration in support of plaintiff's opposition to the motion for sanctions. His only response to the allegation of his unauthorized practice is that he sent a check to the clerk's office on January 3, 2002, that he requested that the State Bar send a certificate of good standing to this court, and that his application was properly processed by the clerk's office only after he had written to the Chief Judge of the Northern District. He says nothing about why he did not apply for admission *before* he filed the complaint or why he finally applied for admission when he did, almost a year *after* filing the complaint.

Based on this scant record, the court was unable to determine if Mr. Price's misconduct in practicing before this court for almost a year before applying for admission and for more than two and a half years before actually being admitted, was negligent, reckless or intentional. Accordingly, the court placed Mr. Price under oath at the hearing to conduct a further inquiry into this issue.

When asked whether he was aware of the court's requirement for admission separate from admission to the State Bar, Mr. Price initially testified that he "did not know" our local rules (Hearing Transcript ("Tr.") at 13:19), but subsequently testified that he assumed that there was a separate admission requirement for every district. Tr. at 17:28. In order to determine his familiarity with the admission requirements of the federal courts, the court inquired whether Mr. Price was admitted to practice in any other federal court. Mr. Price testified that he was admitted to practice before the Central, Southern and Eastern districts of California, the District of Oregon and the District of Colorado, and was previously admitted to practice in the District of Arizona. He testified that he was aware of and had complied with the

separate admission requirements for each of those districts. Tr. at 14:10–16:3. The Northern District of California is, according to Mr. Price, different from all of the others in that it requires a certificate of good standing from the State Bar whereas the others do not. Tr. at 16:4–9.

When asked by the court why, in view of his well-founded assumption that the Northern District required separate admission, he did not apply for admission before he commenced practicing in this district, he admitted that he did so because of his concern that the statute of limitations for his client's claims would expire before his application would be granted. Tr. at 17:9–14. He had no explanation for why he didn't then try to mitigate his conduct after the complaint was filed, by either immediately applying for admission or by requesting some kind of retroactive admission when he did finally get around to submitting his application. Tr. at 17:15–18; 19:9–13.

When asked by the court what prompted him to apply for admission when he did, Mr. Price testified that he did so at the behest of opposing counsel. Tr. at 14:1–4. Neither Mr. Price nor opposing counsel, Mr. German, could recall at the hearing precisely when Mr. German reminded Mr. Price of his responsibility. However, after the hearing, at the court's request, Mr. German submitted a letter and supporting documentation that reflects that he and Mr. Price were also engaged in litigation in the Eastern District in 2001, when Mr. German discovered that Mr. Price was not admitted to practice in the Eastern District. That discovery prompted Mr. German to investigate whether Mr. Price was similarly litigating this case without authorization. Upon learning that indeed Mr. Price was not admitted to the bar of the Northern District, he advised Mr.

pro hac vice status, Civ. L.R. 11–3; or 3) a    law student, Civ. L.R. 11–9.

Price of the necessity for admission, sometime between July 16 and 31, 2001. Despite this warning from his opposing counsel, however, Mr. Price did not apply for admission until January 2002. He has offered no explanation for this delay.[2]

When Mr. Price finally submitted his application for admission, he neglected to include a copy of the certificate of good standing from the State Bar of California as required. *See* Civ. L.R. 11–1(c) (requiring certificate for admission). The clerk's office informed Mr. Price of this omission, and requested that he submit the certificate in order to complete his application. He did not do so for over a year and a half, until the fall of 2003. When he submitted the paperwork, he simultaneously submitted a letter of complaint to the chambers of the Chief Judge. April 28, 2004 Price Decl. ¶ 3. No one can find a copy of this letter and Mr. Price has not explained the precise nature of his complaint. However, the clerk's office did thereafter process his application and Mr. Price was admitted to practice before this court on November 10, 2003.

## FINDINGS

■ Based upon this record, the court finds as follows:

1. Mr. Price was aware of the requirement that he apply for admission to the bar of this court before practicing in this court.

2. Mr. Price intentionally chose to file an action in this court in spite of the fact that he was not admitted to the bar of this court.

3. Mr. Price took no steps to voluntarily mitigate his conduct within a reasonable time after the complaint was filed.

4. Even after being put on notice that his unauthorized practice in this court was known by his opposing counsel, Mr. Price continued to litigate in this court for an additional six months before submitting an application for admission.

5. The court finds that Mr. Price has engaged in the unauthorized practice of law before the District Court for the Northern District of California and further that his conduct was at all times intentional. Mr. Price's conduct violates not only Civ. L.R. 11–1(a), but also appears to violate the California Rules of Professional Conduct and California state law as well. Cal. R. Prof. Conduct 1–300(b); Cal. Bus. & Prof.Code § 6127(a).

The court has found little written authority shedding light on the appropriate penalty to be assessed given these facts. What little authority the court has found suggests that this is a very serious offense. *See, e.g., In re Bagdade,* 334 F.3d 568 (7th Cir.2003) (attorney who failed to apply for admission to the Seventh Court required to reimburse opposing party's fees and costs, inform all clients of his admissions status, send copies of the order to all future clients and all bars to which he had ever practiced; attorney also barred from admission to the Seventh Circuit for two and a half years, fined $1000, referred to the state bar for discipline, and referred to the U.S. Attorney for possible criminal prosecution).

Civ. L.R. 11–8 provides that, "A person who exercises, or pretends to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to avail themselves of such membership privileges, shall be subject to sanctions or other punishment, including a

---

**2.** According to a declaration filed by Mr. Price at the court's request after the hearing, this case is the only case that Mr. Price has litigated in the Northern District. May 22, 2004 Price Decl. ¶ 2.

finding of contempt." Thus, sanctions are mandatory.

## SANCTIONS

■ Given Mr. Price's intentional and flagrant violation and his past history of similar misconduct, the court imposes the following sanctions:

1. Mr. Price shall pay a monetary sanction of $1,500.00 payable to the Clerk of the Court within thirty (30) days of the date of this order;

2. Mr. Price is referred to the Northern District's Standing Committee on Professional Conduct with this court's recommendation that his privilege to practice in this district be revoked;

3. Mr. Price is referred to the Ethics Committee of the State Bar of California for whatever discipline it finds appropriate; and

4. Mr. Price is ordered to submit a copy of this order to the assigned judge in any and every case that he files in this district in the future.

This order shall serve as referral to the Standing Committee on Professional Conduct pursuant to Civ. L.R. 11–6(a)(4) and 11–7(c), as well as notification to the State Bar of California pursuant to Cal. Bus. & Prof.Code § 6086.7. A copy of the pertinent excerpt of the hearing transcript is attached to this order for reference of the Committee and the States Bar.

**IT IS SO ORDERED.**